UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-21733-CIV-TORRES

[CONSENT CASE]

| | |
|---|---|
| ROBERTO ALFONSO and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| BEACH TYREX LLC, YOSSEL BRUK, | ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**FIRT AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE
VIOLATIONS AND RETALIATION UNDER 29 USC 215(A)(3)**

Plaintiff, ROBERTO ALFONSO on behalf of himself and all others similarly situated under

29 U.S.C. 216(b), through undersigned counsel, files this First Amended Complaint against

Defendants, BEACH TYREX LLC and YOSSEL BRUK, and alleges:

1.  This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2.  The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3.  The Defendant BEACH TYREX LLC is a corporation that regularly transacts business

    within Dade County. Upon information and belief, the Defendant Corporation was the FLSA

    employer for Plaintiff's respective period of employment ("the relevant time period").

4.  The individual Defendant YOSSEL BRUK is a corporate officer and/or owner and/or

    manager of the Defendant Corporation who ran the day-to-day operations of the Corporate

    Defendant for the relevant time period and was responsible for paying Plaintiff's wages for

    the relevant time period and controlled Plaintiff's work and schedule and was therefore

Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff worked for Defendants as a sales rental man from on or about November 10, 2013 until he was wrongfully terminated on or about June 26, 2015, as discussed in detail below.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to

the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2012 and 2013.

13. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $375,000 for the first nine months of the year 2014 and is expected to exceed $500,000 for the year 2014.

14. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $125,000 for the first quarter for the year 2015.

15. Between the period of on or about November 10, 2013 until June 6, 2015 (the relevant statutory period), Plaintiff worked an average of 57.5 hours a week for Defendants and was paid an average of $12.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants

for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II: RETALIATION UNDER 29 USC 215(A)(3) AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COMES NOW Plaintiff, by and through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-16 above and further states:

17. On May 13, 2015, the Initial Complaint in this matter was served on the Corporate Defendant, BEACH TYREX LLC, demanding Plaintiff's unpaid overtime wages. [DE12].

18. Subsequently, from approximately mid to late May 2015, Defendant YOSSEL BRUK approached Plaintiff multiple times, on several different occasions, inquiring about information regarding the suit, despite Plaintiff's responses that all communications should be directed towards his counsel of record.

19. Daily, Plaintiff experienced a hostile work environment including Defendant YOSSEL BRUK's changed behavior towards Plaintiff and his refusal to have normal verbal communications with Plaintiff. After Plaintiff's lawsuit was filed, Plaintiff was required

to punch in his time, which he had not been required to do prior to the filing of his overtime lawsuit, and several employees were not required to use the time cock. Defendant YOSSEL BRUK also installed approximately 10 cameras directly focused on Plaintiff's work area.

20. Plaintiff's hours were subsequently significantly reduced by Defendants after receiving Plaintiff's complaint for overtime wages. Further, Defendants stopped withholding taxes from Plaintiff's paycheck and wrote "services" on the check, under information and belief, in an attempt to manufacture a claim that Plaintiff was an independent contractor not an employee.

21. Moreover, subsequently, Defendants stopped paying Plaintiff the additional amounts of approximately $400.00 he was paid by Defendants for additional duties he was required to perform in the office and when Plaintiff inquired about the unpaid monies he was due and owing, Defendant YOSSEL BRUK told Plaintiff that as a direct result of him filing his overtime lawsuit he was not going to be paid these monies any longer by Defendants.

22. Thereafter, on or about June 26, 2015, at approximately 6:30 p.m., Plaintiff was told to return his name tag, uniform tie, keys, and gate card, and was instructed by Defendant YOSSEL BRUK that his employment with Defendants had been terminated.

23. In relation to the termination, Defendant YOSSEL BRUK sent Plaintiff a communication making various false and defamatory statements accusing Plaintiff of unsupported and unfounded acts of insubordination.

24. As evidenced by the temporal proximity between the filing of Plaintiff's overtime claim and Defendants' conduct above-mentioned towards Plaintiff, the motivating factor for Defendants' termination was due to Plaintiff asserting a claim for legally mandated

overtime wages under the FLSA.

25. Said termination of Plaintiff is in direct violation of 29 U.S.C. 215(A)(3) because the motivating factor for said termination was due to Plaintiff's demand for his legally mandated wages under the FLSA and, as a result, Plaintiff has been damaged.

Wherefore, Plaintiff requests judgment against the Defendants, jointly and severally, attorney's fees, costs, back wages, double or liquidated back wages from the date of firing up until and including the date of trial, reinstatement, promotion and injunctive relief prohibiting the defendants from discriminating in the manner described above, emotional distress and humiliation and pain and suffering, front wages until Plaintiff's anticipated age of retirement, as well as all other damages recoverable by law under 29 U.S.C. 216(b). *The Plaintiff requests a trial by jury*.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
        J.H. Zidell, Esq.
        Florida Bar Number: 0010121

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY
OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 7/21/15 TO THE
FOLLOWING:**

**CARMEN MARIA RODRIGUEZ, ESQ.**
**LAW OFFICES OF CARMEN RODRIGUEZ, P.A.**
**15715 S. DIXIE HWY, SUITE 411**
**MIAMI, FL 33157-1884**
**PH: 305-254-6101**
**FAX: 305-254-6048**
**EMAIL: CRPA@CRLABORLAWFIRM.COM**