UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-21733-KING/TORRES

ROBERTO ALFONSO,

    Plaintiff,

v.

BEACH TYREX LLC,
YOSSEL BRUK,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, BEACH TYREX LLC and YOSSEL BRUK (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, Law Offices of Carmen Rodriguez, P.A., hereby file their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint as follows:

1. In response to paragraph numbered 1 of the First Amended Complaint, Defendants acknowledge that Plaintiff is filing this action under the Fair Labor Standards Act. Nevertheless, Defendants deny any violation of said Act and deny that Plaintiff is entitled to any relief.

2. In response to paragraph numbered 2 of the First Amended Complaint, Defendants are without sufficient knowledge as to the truth or falsity of the allegations contained therein, therefore, Defendants deny said allegations.

3. In response to paragraph numbered 3 of the First Amended Complaint, Defendants admit the allegations in said paragraph.

4. In response to paragraph numbered 4 of the First Amended Complaint, Defendants admit that Bruk is a corporate officer and/or owner and deny the remaining allegations in said paragraph.

5. In response to paragraph numbered 5 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

**Count I**

6. In response to paragraph numbered 6 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

7. In response to paragraph numbered 7 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

8. In response to paragraph numbered 8 of the First Amended Complaint, Defendants acknowledge that Plaintiff is quoting from provisions of law.  Nonetheless, Defendants deny any violation and deny that Plaintiff is entitled to any relief.

9. In response to paragraph numbered 9 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

10. In response to paragraph numbered 10 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

11. In response to paragraph numbered 11 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

12. In response to paragraph numbered 12 of the First Amended Complaint, Defendants admit the allegations in said paragraph.

13. In response to paragraph numbered 13 of the First Amended Complaint, Defendants

admit the allegations in said paragraph.

14. In response to paragraph numbered 14 of the First Amended Complaint, Defendants are without sufficient knowledge as to the truth or falsity of the allegations contained therein, therefore, Defendants deny said allegations.

15. In response to paragraph numbered 15 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

16. In response to paragraph numbered 16 of the First Amended Complaint, Defendants deny the allegations in said paragraph.  In response to the unnumbered WHEREFORE clause following paragraph numbered 16 of the First Amended Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested therein or that Plaintiff is entitled to a trial by jury or any trial whatsoever.

## Count II

In response to the unnumbered COMES NOW clause preceding paragraph numbered 17 of the First Amended Complaint, Defendants re-adopt and reassert responses 1-16 as if fully set forth herein.

17. In response to paragraph numbered 17 of the First Amended Complaint, Defendants admit the allegations in said paragraph.

18. In response to paragraph numbered 18 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

19. In response to paragraph numbered 19 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

20. In response to paragraph numbered 20 of the First Amended Complaint, Defendants

deny the allegations in said paragraph.

21. In response to paragraph numbered 21 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

22. In response to paragraph numbered 22 of the First Amended Complaint, Defendants admit the allegations in said paragraph.

23. In response to paragraph numbered 23 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

24. In response to paragraph numbered 24 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

25. In response to paragraph numbered 25 of the First Amended Complaint, Defendants deny the allegations in said paragraph. In response to the unnumbered WHEREFORE clause following paragraph numbered 25 of the First Amended Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested therein or that Plaintiff is entitled to a trial by jury or any trial whatsoever.

WHEREFORE, having fully answered the First Amended Complaint filed herein, Defendants state the following Affirmative Defenses to this action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

26. As their first affirmative defense, Defendants assert that Plaintiff has caused to be filed a Complaint, Statement of Claim, and First Amended Complaint which are false and do not correctly account for all monies paid to him.

### Second Affirmative Defense

27. As their second affirmative defense, Defendants assert that Plaintiff was paid all monies due to him consistent with the applicable law.

### Third Affirmative Defense

28. As their third affirmative defense, Defendants assert that any amounts that may be due to Plaintiff are *de minimus.*

### Fourth Affirmative Defense

29. As their fourth affirmative defense, Defendants assert that Plaintiff's claims are barred by waiver and/or estoppel (collateral or otherwise) in that Plaintiff was paid consistent with his hours worked.

### Fifth Affirmative Defense

30. As their fifth affirmative defense, Defendants assert that all actions taken by Defendants were performed in good faith and based upon reasonable grounds, wherein Defendants believed the practices to be in full compliance with all applicable law. Plaintiff is not entitled to liquidated damages under the applicable law.

### Sixth Affirmative Defense

31. As their sixth affirmative defense, Defendants assert that Plaintiff failed to state an unpaid overtime wage claim under the Fair Labor Standards Act.

### Seventh Affirmative Defense

32. As their seventh affirmative defense, Defendants assert that as to those allegations which are outside of the FLSA's applicable statute of limitations period, Plaintiff's claims are barred.

### Eighth Affirmative Defense

33. As their eighth affirmative defense, Defendants assert that Plaintiff was an employee paid an agreed hourly rate and overtime, when applicable, on a weekly basis. Plaintiff was paid in the manner which he requested and for his benefit.

### Ninth Affirmative Defense

34. As their ninth affirmative defense, Defendants assert that Plaintiff has failed to plead with sufficiency and failed to state a claim upon which relief can be granted or as required by Rules of Court as to the alleged "others similarly situated" and, therefore, cannot maintain claims as to said "others."

### Tenth Affirmative Defense

35. As their tenth affirmative defense, Defendants assert that Plaintiff cannot fairly and adequately protect the interests of the class, as Plaintiff may have interests that are contrary to, or in conflict with, class members.

### Eleventh Affirmative Defense

36. As their eleventh affirmative defense, Defendants assert that Plaintiff has failed to allege and cannot establish that there are questions of law or fact common to those alleged similarly situated.

### Twelfth Affirmative Defense

37. As their twelfth affirmative defense, Defendants assert that Plaintiff does not allege and cannot establish that he can or will fairly and adequately protect the interest of those alleged similarly situated to him.

### Thirteenth Affirmative Defense

38. As their thirteenth affirmative defense, Defendants assert that Plaintiff does not allege

and cannot establish that the prosecution of separate actions by individual members would create the risk of inconsistent or varying adjudications and establish incompatible standards of conduct.

### Fourteenth Affirmative Defense

39. As their fourteenth affirmative defense, Defendants assert that Plaintiff does not allege and cannot establish that separate actions would create the risk of adjudications with respect to individual members practically dispositive of the interest of other members not parties or would substantially impair or impede their ability to protect their interests.

### Fifteenth Affirmative Defense

40. As their fifteenth affirmative defense, Defendants assert that Plaintiff does not allege and cannot establish that questions of law or fact common to the members predominate over any questions affecting only individual members or that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Sixteenth Affirmative Defense

41. As their sixteenth affirmative defense, Defendants assert that Plaintiff does not allege and cannot establish that the party opposing the class has acted or refused to act on grounds generally applicable to the class.

### Seventeenth Affirmative Defense

42. As their seventeenth affirmative defense, Defendants assert that Plaintiff was provided all necessary notice due to him consistent with the applicable law.

### Eighteenth Affirmative Defense

43. As its eighteenth affirmative defense, Defendant asserts that Plaintiff's claims are barred by the doctrine of unclean hands as Plaintiff was paid all monies due to him in the manner

he requested for his benefit.

### Nineteenth Affirmative Defense

44. As their nineteenth affirmative defense, Defendants assert that Plaintiff has failed to allege and cannot establish that the claims or defenses applicable to him are typical of the claims or defenses of those alleged similarly situated to him.

### Twentieth Affirmative Defense

45. As their twentieth affirmative defense, Defendants assert that Plaintiff has failed to allege and cannot establish that those alleged similarly situated to him are so numerous that joinder of all members is impractical.

### Twenty-First Affirmative Defense

46. As their twenty-first affirmative defense, Defendants assert that Plaintiff does not allege and cannot establish that those similarly-situated to him have any desire to "opt-in" to this action.

### Twenty-Second Affirmative Defense

47. As their twenty-second affirmative defense, Defendants assert that Plaintiff has inadequately pled on behalf of the purported others "similarly situated" and has failed to adequately assert a class.

### Twenty-Third Affirmative Defense

48. As their twenty-third affirmative defense, Plaintiff requested and was provided use of a take home vehicle at his request and for his benefit.  Defendant paid expenses for Plaintiff incurred by him and paid for his personal benefit at his request and direction.

### Twenty-Fourth Affirmative Defense

49. As their twenty-fourth affirmative defense, Defendants assert that all employment related decisions made with respect to Plaintiff, or which affected Plaintiff, were made in good faith, for legitimate, non-discriminatory, and non-retaliatory reasons.

### Twenty-Fifth Affirmative Defense

50. As their twenty-fifth affirmative defense, Defendants assert that the same decisions would have been reached regarding Plaintiff's employment regardless of any alleged discriminatory or retaliatory purpose.

### Twenty-Sixth Affirmative Defense

51. As their twenty-sixth affirmative defense, Defendants assert that there is an absence of a causal link between Plaintiff's alleged participation in a statutorily protected activity and the adverse employment action.

### Twenty-Seventh Affirmative Defense

52. As their twenty-seventh affirmative defense, Defendants assert that Plaintiff failed to assert a *prima facie* case of retaliation.

### Twenty-Eighth Affirmative Defense

53. As their twenty-eighth affirmative defense, Defendants assert that Plaintiff engaged in bad conduct intentional to cause his separation from employment. Plaintiff's retaliation claim is frivolous and brought in bad faith.

WHEREFORE, having fully answered the First Amended Complaint and having raised affirmative defenses thereto, Defendants respectfully request that the instant action be summarily dismissed and they be awarded costs and reasonable fees incurred in defense hereof.

Dated: July 22, 2015   Respectfully submitted,
      Miami, Florida

                                              s/Carmen Rodriguez
                                              Carmen Rodriguez (Florida Bar No. 710385)
                                              Attorney's Email Address: crpa@crlaborlawfirm.com
                                              Law Offices of Carmen Rodriguez, P.A.
                                              Palmetto Bay Centre
                                              15715 South Dixie Highway, Suite 411
                                              Miami, Florida 33157-1884
                                              Telephone:  (305) 254-6101
                                              Facsimile:   (305) 254-6048
                                              Attorneys for Defendants

## CERTIFICATE OF SERVICE

      **I hereby certify** that a true and correct copy of the foregoing was served by electronic mail on July 22, 2015 on all counsel or parties of record on the Service List below.

                                            s/Carmen Rodriguez
                                            Carmen Rodriguez

## SERVICE LIST

| | |
|---|---|
| Jamie H. Zidell, Esquire | Carmen Rodriguez, Esquire |
| Florida Bar No. 10121 | Florida Bar No. 710385 |
| E-mail address: zabogado@aol.com | E-mail address:  crpa@crlaborlawfirm.com |
| 300 71st St, Ste 605 | Law Offices of Carmen Rodriguez, P.A. |
| Miami Beach, Florida 33141 | 15715 S. Dixie Highway, Suite 411 |
| Telephone: 305-865-6766 | Miami, Florida 33157-1884 |
| Facsimile: 305-865-7167 | Telephone:  (305) 254-6101 |
| Attorney for Plaintiff | Facsimile:   (305) 254-6048 |
| | Attorneys for Defendants |